UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ABDULLA RASHED *et al.*,

                              Plaintiffs,

                   -v-

ANTONY J. BLINKEN, Secretary of State, and
RENA BITTER, Assistant Secretary for Consular Affairs,

                              Defendants.

24 Civ. 964 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Abdulla Rashed, Raja Naji, Mohammed Rashed, Ansaf Rashed, Saif Rashed, and F.R., a family of Yemeni citizens, filed a petition for a writ of mandamus seeking, *inter alia*, an order that compels defendants, United States Secretary of State Antony Blinken and United States Assistant Secretary for Consular Affairs Rena Bitter (collectively, the "State Department"), to adjudicate their visa application. As alleged, the State Department unlawfully delayed the adjudication of plaintiffs' visa application in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 700 *et seq.* and the Mandamus Act, 28 U.S.C. § 1361. Before the Court are defendants' unopposed motions to dismiss the petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The issues presented here are not of first impression. Several weeks ago, this Court granted the State Department's motion to dismiss in a case that mirrors this one in all relevant respects. *See Esghai v. U.S. Dep't of State*, No. 24 Civ. 2993 (PAE), 2024 WL 4753799, at *1 (S.D.N.Y. Nov. 12, 2024). For substantially the same reasons as there, the Court grants the State Department's motion to dismiss under Rule 12(b)(6).

1

I.      Background

   A.   Statutory and Regulatory Framework

Visa eligibility requirements are governed by federal law. *See* 8 U.S.C. §§ 1182 *et seq*. To obtain a visa, the noncitizen must fall within one of a limited number of categories. *See id.* §§ 1151(a)–(b). Relevant here, family-sponsored visas may be issued based on the noncitizen's relationship with a lawful permanent resident ("LPR"). *See id.* §§ 1153(a)(1)–(4), 1154(a)(1); 8 C.F.R. § 204.1(a)(1).

Obtaining a family-based immigrant visa is a two-step process. First, the LPR must file a Form I-130 petition with the United States Citizenship and Immigration Services ("USCIS") that seeks to classify the noncitizen as an immediate relative. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A). The beneficiary is entitled to apply to a visa only once USCIS approves the I-130 petition. *See id.* §§ 1201(a), 1202(a). Second, USCIS transmits the approved petition to the State Department's National Visa Center ("NVC") for processing. *See id.* If the NVC finds that the applicant has submitted the requisite written materials, paid fees, and provided documentation, it transfers the applicant's file to an embassy or consulate abroad. *See id.* § 1153.

After the file is transferred, the noncitizen must appear before a consular officer for an in-person interview. *See* 22 C.F.R. § 42.62. At that interview, the consular officer—by regulation—"must" make the binary decision to either "issue" or "refuse" the visa. 9 Foreign Affairs Manual ("FAM") § 504.1-3(g) ("Once an application has been executed, [the consular officer] must either issue the visa or refuse it."); 22 C.F.R. § 42.81(a). Consular officers "cannot temporarily refuse, suspend, or hold the visa for future action" at the close of the consular interview. 9 FAM § 504.1-3(g); *id.* § 504.9-2; *see also Esghai*, 2024 WL 4753799, at *4–6 (decision to grant or refuse a visa after the consular interview presents a binary choice); *Alharbi*

*v. Miller*, 368 F. Supp. 3d 527, 557–59 (E.D.N.Y. 2019) (same). If the visa is refused, reconsideration is only a possibility, not a mandatory obligation. *See* 9 FAM § 504.1-3(i)(1) (the "requirement to find an applicant ineligible when a visa is not issued applies even when" more information might show the applicant to be eligible); *see also id.* ("There is no such thing as an informal refusal or a pending case once a formal application has been made."); 22 C.F.R. § 42.81(a)–(e).

### B. Facts

Abdulla Rashed is a legal permanent resident of the United States. Dkt. 13 ("Amended Petition" or "Am. Pet.") ¶ 28. His wife and four children are citizens of Yemen. *Id.* ¶¶ 87. On November 25, 2016, Rashed filed an I-130 petition with USCIS seeking to classify his wife and four children as immediate relatives. *Id.* ¶ 88. On June 18, 2019, USCIS approved the petition and an interview was scheduled with a consular officer at the U.S. Embassy in Djibouti. *Id.* ¶¶ 88, 91; *see* Dkt. 8 at 4. The interview took place on December 14, 2022. Am. Pet. ¶ 91. At the close of the interview, the consular officer gave plaintiffs a refusal letter pursuant to § 221(g) of the Immigration and Nationality Act ("INA"), and no visa was issued. *Id.* ¶ 92. The consular officer then placed the visa application into "administrative processing" and advised plaintiffs to supplement the application with additional information, including (1) DNA evidence of the relationship between the parents and children; (2) additional evidence, generated before the filing of the I-130 petitions, that established the ages of the minor applicants; and (3) additional financial evidence from the joint financial sponsor. *Id.*; *see also* Dkt. 8 at 4. Plaintiffs allege that they complied with each category of requests. Am. Pet. ¶ 98.

As of the filing of the petition in this Court, more than one year after the interview, the State Department has not further acted on plaintiffs' visa application. *Id.* ¶¶ 94–95.

3

### C. Procedural History

On February 8, 2024, plaintiffs filed a petition for a writ of mandamus. Dkt. 1. On April 11, 2024, the State Department filed a motion to dismiss. Dkt. 7. On May 1, 2024, plaintiffs filed an amended petition. Dkt. 13. It alleges unlawful delay by the State Department in rendering a "final decision" on plaintiffs' application. *See id.* It seeks injunctive and/or declaratory relief action under the APA and the Mandamus Act. *See id.* On May 23, 2024, the State Department filed a letter stating that it would rely on its previously filed motion to dismiss. Dkt. 14.

## II. Discussion

The State Department moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6). The Court denies the State Department's Rule 12(b)(1) motion and grants the Rule 12(b)(6) motion for the reasons stated in *Esghai*. *See* 2024 WL 4753799, at *1. It adopts by reference the analysis in that opinion, as summarized below.

### A. 12(b)(1) Motion

A case "is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id*. (citation omitted).

The State Department first argues that the consular officer's refusal to issue a visa at the close of the consular interview moots plaintiffs' request to compel further adjudication of the visa application. Where "events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it," dismissal based on mootness is appropriate. *FBI v. Fikre*, 601 U.S. 234, 240–41 (2024). The State Department has failed to carry its burden to so establish here. As this Court explained in *Esghai*, "the consular's officer refusal does not deprive [plaintiff] of a personal stake in this litigation because he seeks different relief here: a further decision on [the visa] application." 2024 WL 4753799, at *3. Specifically, plaintiffs seek relief from the "indefinite state" of "additional 'administrative processing,'" Am. Pet. ¶ 97, a remedy that stems from the State Department's actions or omissions *after* the December 14, 2022 refusal. The Court therefore declines to dismiss the case as moot.

The State Department next argues that the Court lacks subject matter jurisdiction over the case insofar as plaintiffs' claims are barred by the consular nonreviewability doctrine. Under that doctrine, a federal court "cannot review" "a consular officer's denial of a visa." *Dep't of State v. Munoz*, 144 S. Ct. 1812, 1820 (2024). The doctrine "recognize[s] that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control'" and that the "Judicial Branch has no role to play 'unless expressly authorized by law.'" *Id*. (quoting *Trump v. Hawaii*, 585 U.S. 667, 702 (2018) and *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950)). But as the Supreme Court recently observed, the doctrine of consular nonreviewability

is non-jurisdictional. *See Munoz*, 144 S. Ct. at 1820 n.4). The Court therefore declines to grant the State Department's Rule 12(b)(1) motion on this basis.[1]

### B. 12(b)(6) Motion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint and draw all inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[1] The State Department separately argues that the statutes plaintiffs invoke do not supply a valid jurisdictional basis under 28 U.S.C. § 1331. *See* Dkt. 8 at 14–15. But in the cases defendants cite, that finding turned on a threshold finding of consular nonreviewability. *See, e.g.*, *Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("The district court correctly held that no jurisdictional basis exits for review of the action of the American Consul in Taiwan. . . . It is settled that the judiciary will not interfere with the visa-issuing process."); *Colindres v. U.S. Dep't of State*, 575 F. Supp. 3d 121, 135 (D.D.C. 2021) ("[I]t seems clear that, if a statutory provision providing for judicial review of consular visa decisions currently exists, it will not be found in the INA."); *Khanom v. Kerry*, 37 F. Supp. 3d 567, 575 (E.D.N.Y. 2014) ("[T]he [APA] does not provide for the reviewability of the Consul General actions."). For the reasons discussed above, the consular nonreviewability doctrine does not apply here. Absent that barrier, the APA and Mandamus Acts, on which plaintiffs' claims are based, clearly confer federal-question jurisdiction under § 1331. *See Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3 (D.C. Cir. July 24, 2024) (per curiam) (the "district court had jurisdiction under 28 U.S.C. § 1331" to resolve like claims).

Plaintiffs centrally argue that the State Department has unlawfully delayed a "final decision" on their visa application by placing it into administrative processing at the close of the consular interview. They seek, *inter alia*, an order compelling the State Department to issue a final decision as required by the APA and the Mandamus Act.

Although the APA authorizes courts to "compel agency action unlawfully withheld," 5 U.S.C. § 706(1), the "only agency action that can be compelled under the APA is action legally required." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004); *see also Benzman v. Whitman*, 523 F.3d 119, 130 (2d Cir. 2008) ("[L]ike the power to grant writs of mandamus, § 706(1) empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act.") (cleaned up). Here, plaintiffs have failed to identify "any legally required, discrete action that the State Department has failed to perform." *Esghai*, 2024 WL 4753799, at *4. By law, the consular officer "must" "issue" or "refuse" the visa after the consular interview. *See* 22 C.F.R. § 42.81(a) (citing 8 U.S.C. § 1201(g)). The Court recognizes the common-sense appeal of plaintiffs' argument that a "final" decision cannot be one involving further administrative processing. Am. Pet. ¶ 100. But by law, a consular officer's decision after an application interview is a binary one—if a visa is not "issue[d]," it is by-definition "refuse[d]." *See* 22 C.F.R. § 42.81(a) (citing 8 U.S.C. § 1201(g)). A consular officer "cannot temporarily refuse, suspend, or hold the visa for future action" at that point. 9 FAM § 504.1-3(g); *see also id.* § 504.1-3(i)(1) (any applicant "to whom a visa is not issued by the end of the working day on which the application is made, or by the end of the next working day . . . must be found ineligible"); *id.* § 504.1-3(i) ("There is no such thing as an informal refusal or a pending case once a formal application has been made."). The consular officer's refusal to issue a visa application at the close of the interview was thus a

7

"final decision" upon which further action cannot be legally compelled. *See Esghai*, 2024 WL 4753799, at *5 ("An application refused and placed in administrative processing is officially refused." (cleaned up)); *id.* at *6 ("In sum, [the plaintiff's] APA claim fails because the State Department *has* taken action here: it refused [the visa] application, and there is no legal basis for [plaintiff's] bid to compel further action on the already-refused application.").

That conclusion, in turn, resolves plaintiffs' Mandamus Act claim. *See* 28 U.S.C. § 1361 (a district court may "compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff."). It is well-established that "[w]here mandamus relief is duplicative of an APA claim, it must be dismissed." *Esghai*, 2024 WL 4753799, at *7 (collecting cases). The Court thus dismisses plaintiffs' claim under the Mandamus Act as duplicative of the APA claim.[2]

## CONCLUSION

For the foregoing reasons, the Court grants the State Department's Rule 12(b)(6) motion and dismisses the Complaint. The Clerk of Court is respectfully directed to close the motion pending at Docket 7.

SO ORDERED.

---

[2] The Court's dismissal of plaintiffs' APA and Mandamus Act claims divests it of jurisdiction to grant the requested declaratory relief under 28 U.S.C. § 2201(a). *See Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (the Declaratory Judgment Act "does not by itself confer subject matter jurisdiction on the federal courts"); *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950).

_____
Paul A. Engelmayer
United States District Judge

Dated:  November 27, 2024
        New York, New York

9